## LIABILITY FOR GOODS DAMAGED IN TRANSIT.

Circuit Court of Hamilton County.

C., C., C. & St. L. Railway Co. v. Barron, Boyle & Co.*

Decided, February 8, 1908.

*Carriers—Shipment Passes over Several Lines—One Contract for' Transportation Covers All, When—Goods Damaged in Transit— Liability to the Consignee.*

Where a consignee pays to a railway company the full amount of the freight charges on a shipment of goods which had passed over a number of roads and been received in bad condition, and by agreement the consignee files with the railroad company a claim for damages, the company will be held to have recognized that there was but one contract for transportation from the point of shipment to destination, and in the absence of any knowledge as to where or how the damage occurred the company delivering the goods is liable, and a judgment for the amount of damages sustained will not be set aside.

*Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error. *C. L. Hopping* and *W. M. Tugman,* contra.

Swing, P. J.; Giffen, J., and Smith, J., concur.

We are of the opinion that the agreed statement of facts in this case shows that there was but one contract for the transportation of the goods from Boston to Cincinnati through the M. D. T Co. over the B. & M. R. R., the N. Y. C. R. R., the L. S. & M. S. R. R. and the C., C., C. & St. L. R. R., and that separate contracts were not made with the several railroads for transportation of the goods over said different railroads. This is clearly shown by testimony of agent, Smith (bill of exceptions, p. 12). And when the damage to the goods was discovered at Cincinnati no claim was made by the railroad company that there were separate contracts.

But Barron, Boyle & Co., by the request of the railroad company, paid the amount of the freight in full to said company,

---

* Affirmed by the Supreme Court without report, *C., C., C. & St. L. Ry. Co.* v. *Barron, Boyle & Co.,* 80 Ohio State.

and by, agreement of the parties filed their claim for damage with the said railroad company, thus clearly recognizing the fact that there was but one contract for transportation from Boston to Cincinnati. This must have been the construction that the parties placed upon the contract at the time. When the goods arrived at Cincinnati they were damaged. There is nothing to show when, where or how they were damaged, except that certain of the employes of the B. & M. R. R., who loaded the glass in the cars at "Mystic Wharf," testified that some of the boxes rattled in loading and some of the boxes were strained, but no examination was made to ascertain whether any of the glass was broken. It was admitted that each carrier gave to its predecessor a receipt, stating that the goods were received in good order. It was first ascertained that the goods were damaged when the goods were inspected after arrival at Cincinnati. The contract of the carrier was to deliver the goods in good order at Cincinnati, subject to certain. exceptions, none of which are set up here, and it is admitted that the goods were not delivered in good order, and the amount of the damage is admitted, and it is agreed that the judgment of the court below was for this amount. It seems to us clearly a breach of contract for which the railroad company was liable and the judgment should be affirmed.